The defendants also excepted to the refusal of the court to charge that a demand and refusal did not establish conversion, where at the time of the demand the property was not in the possession of the defendants or was not in existence. I think the charge made and the refusal to charge were errors. The real question litigated was not whether there had been a demand and a failure to deliver, which was practically conceded, but whether the defendants had delivered the articles according to directions of the plaintiff and thereby put themselves out of possession of them. The effect of the charge, therefore, could only be to mislead the jury.

The damages awarded are excessive. The complaint is the ordinary complaint for conversion, alleging that by failure to deliver the articles plaintiff was damaged $583, for which sum, with interest, he demands judgment. This gave no notice of any claim for special damages, and I do not think the evidence warranted any damage to the plaintiff on account of the alleged conversion over the value of the articles, with interest.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.

<hr>

OPPER v. DAVEGA.

(Supreme Court, Appellate Division, First Department. June 12, 1908.)

WITNESSES—CREDIBILITY—IMPEACHMENT—PLACE OF BUSINESS—CHARACTER.

Where plaintiff, in an action for intestate's death by falling into an unguarded cellarway, relied on the evidence of a saloon keeper to establish his cause of action, evidence of the police captain in the precinct in which the witness' saloon was located that the saloon had a bad reputation, and that the officer had arrested several women there and had raided the place twice, was inadmissible for purposes of impeachment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1120, 1125.]

Appeal from Special Term.

Action by John Opper, as administrator of the estate of Henry Opper, deceased, against Isaac Davega, Jr., impleaded, etc. From an order setting aside a verdict for defendant, and granting plaintiff a new trial, defendant, Davega, appeals. Affirmed.

The action was brought to recover damages for the death of plaintiff's intestate, caused by injuries sustained from falling into an open and unguarded cellarway, maintained by defendant at Nos. 802, 804, Third avenue, New York City, borough of Manhattan. Plaintiff had but one disinterested witness, one Wasserberger, a saloon keeper, without whose testimony plaintiff could not have recovered. During the course of defendant's case defendant swore one Lantry, a police captain, as a witness, who testified that the place occupied by Wasserberger had a bad reputation, that he had made several arrests there, had arrested five women and raided the place twice, but the witness made no attempt to testify that the witness' reputation was bad.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

David Tim, for appellant.
Thos. J. O'Neill, for respondent.

PER CURIAM. The order appealed from should be affirmed on the ground that the admission of the testimony of the police captain was error.

Order affirmed, with costs.

---

### LIPPMANN et al. v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, Second Department.   June 29, 1908.)

CARRIERS—CARRIAGE OF GOODS—DELAY IN DELIVERY—SPECIAL CONTRACT—LACK OF CONSIDERATION.

> A promise, without consideration, made by defendant's railroad agent at W. to use his best efforts to deliver to plaintiff, at 3 a. m., goods arriving at night, will not support an action for damages for failure to so deliver goods shipped several years afterwards from a station in another state, without any contract by the agent at that point to deliver other than in the ordinary course of business.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Samuel Lippmann and Julius Lippmann against the Pennsylvania Railroad Company. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frank Herwig, for appellants.

William F. Allen, for respondent.

WOODWARD, J. The plaintiffs bring this action to recover damages alleged to have been sustained by reason of a failure on the part of the defendant to deliver certain tomatoes in time for the fulfillment of the plaintiffs' contract with third parties. The plaintiffs claim that some four or five years ago they entered into an agreement with the defendant's agent at its Wallabout station, in the borough of Brooklyn, to the effect that car loads of tomatoes arriving in Jersey City during the night, notice of which was to be conveyed to the defendant, should be delivered at the Wallabout station by 3 o'clock in the morning. Plaintiffs say that this agreement was performed on the part of the defendant until on the morning of July 16, 1906, when a car load of tomatoes, which were then in the possession of the defendant at the Wallabout station, were refused delivery until 5 o'clock in the morning, at which time their proposed customer had been supplied by other parties. The learned trial court, after hearing the evidence, decided that the plaintiffs had failed to establish the cause of action, and dismissed the complaint, with costs; the plaintiffs appealing to this court.

We are unable to discover that this alleged agreement with the defendant's local agent was anything more than a promise on the part of the latter to use his best efforts to deliver goods to the plaintiffs at 3 o'clock in the morning, falling short of a contract binding upon the defendant, for the very good reason that it is wholly without consideration. There is nothing in the case to show that the defendant was